IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRACTICEMAX, INC., <br><br>　　　　Plaintiff <br><br>　v. <br><br>KELLY MAXSON, INC., <br><br>　　　　Defendant. | Case No.  1:16-cv-3271 |

### COMPLAINT

Plaintiff, PracticeMax, Inc., by its attorneys Quarles & Brady LLP, for its Complaint against Defendant, Kelly Maxson, Inc., alleges as follows:

### NATURE OF THE ACTION

1.　This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*.  Plaintiff seeks injunctive relief and damages arising from Defendant's infringement of Plaintiff's PRACTICEMAX trademark.

### THE PARTIES

2.　Plaintiff PracticeMax, Inc. ("PracticeMax" of "Plaintiff") is a corporation organized under the laws of Delaware with its principal place of business at 9382 East Bahia Drive, Scottsdale, Suite B202, Arizona 85260.

3.　PracticeMax provides expertise, solutions, and technology to serve all types of health care organizations.  Specifically, PracticeMax provides a comprehensive suite of business solutions that help healthcare providers maximize their operations and financial performance under the trademark PRACTICEMAX and others.  With locations across the United States, PracticeMax serves clients nationwide.

4. Upon information and belief, Defendant Kelly Maxson, Inc. ("Kelly Maxson" or "Defendant") is an Illinois Corporation with a place of business at 75 Executive Drive, Suite 309, Aurora, Illinois 60504.

5. Kelly Maxson conducts business in this judicial district by promoting and offering to provide services, including business solutions and expertise under an infringing PRACTICE MAX trademark, to consumers, and specifically, healthcare organizations within this judicial district and nationwide.

6. Upon information and belief, Kelly Maxson's services directly compete with PracticeMax's services.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) as it poses a federal question, and 15 U.S.C. § 1121 under the Lanham Act.

8. This Court has personal jurisdiction over Kelly Maxson because Kelly Maxson maintains a place of business in this judicial district. Additionally, this Court has personal jurisdiction over Kelly Maxson because (a) Kelly Maxson operates, conducts, engages in, or carries on business in Illinois; (b) Kelly Maxson has committed tortious acts within Illinois by promoting, offering to provide and providing services, including the services infringing PracticeMax's trademark PRACTICEMAX, directly to consumers within Illinois; and (c) Kelly Maxson is engaging in substantial and not isolated activity within Illinois.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 because Kelly Maxson resides in this judicial district and has committed acts of trademark infringement within this judicial district.

**STATEMENT OF FACTS**

*PracticeMax*

10. PracticeMax began providing its services in 1969, and officially changed its name to PracticeMax in 1999 and started using the PRACTICEMAX trademark.

11. PracticeMax's business is to help healthcare practices grow their business and enhance delivery of care to their patients. PracticeMax offers and provides a comprehensive suite of business solutions that help healthcare providers maximize their operations and financial performance while delivering optimal patient care. This includes solutions for billing, coding, compliance, electronic health records (EHR) systems, marketing, practice management, and related services.

12. PracticeMax serves a mix of healthcare providers, including hospital and office-based providers, urgent care facilities, hospitals, medical billing companies, Integrated Delivery Networks (IDNs), Regional Extension Centers (RECs), Senior Housing facilities and others.

13. PracticeMax operates and has clients in all 50 states. Its operations are based in 5 offices across the country, including one in Naperville, Illinois. The others are in San Antonio, Texas; Phoenix, Arizona; Scottsdale, Arizona; Portland, Oregon; Shreveport, Louisiana; Brewster, New York; and Lincoln, Nebraska.

14. PracticeMax has used the trademark PRACTICEMAX to identify its services since at least 1999.

15. PracticeMax is also the owner of U.S. Trademark Application, Serial Number 86/836,724, filed on December 2, 2015 and claims a first use date of July 1999, for PRACTICEMAX for use in connection with business consulting and information services; business management consulting; providing business intelligence services; conducting business

and market research surveys; advertising, marketing and promotion services; medical billing; medical billing support services; business consultation in the field of medical regulatory compliance; business consultation in the field of electronic health records (EHRs) and electronic medical records (EMRs); business consultation in the field of medical payer contracting and negotiation; medical records coding services for others in the nature of assignment of diagnostic and procedural codes for purposes of reimbursement from insurance; medical practice management for others in the field of primary care and specialty medical care practices in International Class 35; medical collection and revenue cycle management in International Class 36; and consulting in the field of health information technology in International Class 42. A copy of the application data is attached as **Exhibit A**.

### *Kelly Maxson*

16. Kelly Maxson has been and is advertising identical services to PracticeMax's under the name PRACTICEMAX, at least and including business consultation in the field of electronic health records (EHRs):



(http://www.kellymaxson.com/practice-max/; last accessed March 10, 2016)

17. Kelly Maxson's historically short Twitter feed also shows a direct link to Kelly Maxson's PRACTICEMAX web page, which is still live.



( https://twitter.com/KellyMaxsonInc?ref_src=twsrc%5Etfw; last accessed March 10, 2016).

18. PracticeMax contacted Kelly Maxson with a demand for Kelly Maxson to cease and desist from using the PRACTICEMAX trademark. *See* Letter from J. Ullman to H. Singh, dated December 7, 2015, attached as **Exhibit B**.

19. Kelly Maxson did not respond to PracticeMax's letter. A review of Kelly Maxson's website showed it had made some modifications to its use of PRACTICEMAX. However, its web page at http://www.kellymaxson.com/practice-max/ was still live and its Twitter tweet regarding PRACTICEMAX was still up. Accordingly, PracticeMax sent a follow up letter on January 8, 2016 demanding that the use of PRACTICEMAX be removed entirely. *See* Letter from J. Ullman to H. Singh, dated January 8, 2016, attached as **Exhibit C**.

20. As of the filing of this complaint, Kelly Maxson has not complied with PracticeMax's demands and Kelly Maxson's PRACTICEMAX web page is still live at http://www.kellymaxson.com/practice-max/ as is its tweet directing users to same.

## COUNT I
## TRADEMARK INFRINGEMENT
## IN VIOLATION OF LANHAM ACT § 43(a) (15 U.S.C. § 1125(a))

21. PracticeMax realleges and incorporates by reference as is fully set forth herein the allegations contained in paragraphs 1 through 20.

22. PracticeMax has continuously and extensively used the PRACTICEMAX trademark throughout the United States in connection with consulting, practice management, EHR and other services.

23. PracticeMax has common law trademark rights in the PRACTICEMAX trademark that predate Kelly Maxson's use.

24. PracticeMax has made significant expenditures to advertise and promote its consulting, practice management, and EHR services nationally under the PRACTICEMAX trademark and has used its PRACTICEMAX trademark consistently in its marketing, corporate documents, and other contacts with the relevant consuming public, including healthcare organizations.

25. The PRACTICEMAX trademark has come to represent and symbolize the enviable reputation and valuable goodwill of PracticeMax among members of the healthcare community and purchasing public with regard to consulting, practice management, EHR and other services.

26. Kelly Maxson is not authorized to use PracticeMax's trademark.

27. Kelly Maxson's unauthorized use of the PRACTICEMAX trademark is likely to cause confusion or mistake or to deceive customers into falsely believing that Kelly Maxson's services come from PracticeMax, or that PracticeMax has approved of or sponsored Kelly Maxson's services, all in violation of the Lanham Act § 43(a) (15 U.S.C. § 1125).

28. Kelly Maxson's unauthorized use of PracticeMax's trademark continues to be done intentionally, willfully, and with reckless disregard for PracticeMax's rights.

29. Kelly Maxson's actions are causing irreparable injury to PracticeMax for which there is no adequate remedy at law.

30. Kelly Maxson's actions constitute willful trademark infringement entitling PracticeMax to the remedies set forth in the Lanham Act §§ 35 and 36 (15 U.S.C. § 1117 and 15 U.S.C. § 1118).

## **PRAYER FOR RELIEF**

Wherefore, PracticeMax requests that this Court enter the following relief for PracticeMax and against Kelly Maxson and its agents, representatives, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with Kelly Maxson:

A. A permanent injunction prohibiting the Defendant's use of the PRACTICEMAX trademark or any colorable imitation of the PRACTICEMAX trademark pursuant to 15 U.S.C. § 1116;

B. Plaintiff's actual costs and attorneys' fees as provided under the Lanham Act, 15 U.S.C. §§ 1117 and 1125(a);

C. An order that Defendant be directed to file with the Court and serve on Plaintiff, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

D. Such other and further relief as the Court deems necessary and just.

## **DEMAND FOR JURY TRIAL**

PracticeMax hereby demands a trial by jury in this action on all claims and issues triable before a jury.

Dated this 14th day of March, 2016					Respectfully submitted,


							*/s/ Christian G. Stahl*


							Christian G. Stahl, ARDC 6290825
							christian.stahl@quarles.com
							QUARLES & BRADY LLP
							300 N. LaSalle Street
							Suite 4000
							Chicago, Illinois, 60654
							Tel.: 312.715.5000
							Fax: 312.715.5155

							***Attorneys for Plaintiff, PracticeMax, Inc.***


QB\158739.00002\38711773.2